1
2
3
4
5          UNITED STATES DISTRICT COURT
6          EASTERN DISTRICT OF WASHINGTON

7   UNITED STATES OF AMERICA,        )
                                     )   NOS.  CR-04-0085-WFN-1
8                  Respondent,       )         CV-06-0126-WFN
                                     )
9        -vs-                        )
                                     )   ORDER
10  WAYDE LYNN KURT,                 )
                                     )
11                 Movant.           )
                                     )
12  ──────────────────────────────  )

13      Before the Court is Movant's pro se 28 U.S.C. § 2255 Motion to Vacate, Set Aside or

14  Correct Sentence, filed April 27, 2006 (Ct. Rec 66).  The Motion was supported by a separate

15  Memorandum (Ct. Rec. 67).  The Government's response was filed August 3, 2006 (Ct. Rec.

16  76) by Assistant United States Attorney Earl Hicks.  Movant's reply was filed August 22,

17  2006 (Ct. Rec. 77).

18      The Court has reviewed the Motion and the briefing on the Motion and is fully

19  informed.  For the reasons stated below, the Motion is denied.

20                        **I. BACKGROUND**

21      Mr. Kurt was indicted on April 20, 2004, on one count of theft of government property

22  in violation of 18 U.S.C. § 641 (Ct. Rec. 4).  The theft was alleged to have occurred on

23  April 13, 2004, and involved a satellite Q-logger belonging to the United States Secret

24  Service, with a value of more than $1,000.    A jury trial commenced on July 12, 2004 (Ct.

25  Rec. 31).  The Court denied Mr. Kurt's  request for a jury instruction regarding good faith

26  reliance on the advice of counsel.  The Court approved a jury instruction on flight (Ct. Rec.

ORDER - 1

39).   The jury returned a guilty verdict on July 14, 2004 (Ct. Rec. 42) . On October 12, 2004, the undersigned sentenced Mr. Kurt to eighteen months incarceration, three years of supervised release and a $100 special assessment (Ct. Rec. 48).  Mr. Kurt appealed  his conviction (Ct. Rec. 50).  The Ninth Circuit issued a mandate affirming the conviction on November 14, 2005 (Ct. Rec. 65).   Mr. Kurt was represented by Amy Rubin of the Federal Defenders of Eastern Washington and Idaho throughout the proceedings before the trial court and on appeal.  Christina Hunt, served as stand-by counsel at trial.

Mr. Kurt filed his pro se Motion pursuant to 28 U.S.C. § 2255 on April 27, 2006 raising eight grounds (Ct. Rec. 66):

Ground 1: The Ninth Circuit failed to perform a de novo review of the District Court's denial of his proposed jury instruction;

Ground 2: Denial of due process by the District Court's failure to give his proposed jury instruction;

Ground 3:   Denial of due process on appeal when the Government included an argument on appeal that had not been preserved;

Ground 4:   Violation of the Fifth Amendment in that any of Mr. Kurt's actions that could be construed as statements were obtained through coercion and without *Miranda* warnings;

Ground 5:  Violation of the Fifth Amendment right against self incrimination by the District Court's jury instruction on flight;

Ground 6:   The agent's use of the electronic device was a warrant-less search in violation of the Fourth Amendment;

Ground 7: The search warrants for Mr. Kurt's apartment, storage unit and van violated the Fourth Amendment because they were based on the illegal electronic search; and

Ground 8:  Mr. Kurt received ineffective assistance of counsel based upon grounds 4 through 7.

ORDER - 2

1
## II. DISCUSSION

2       The Court at this stage of the proceedings must determine if an evidentiary hearing is

3   required.  Rule 8, RULES--SECTION 2255 PROCEEDINGS (West 2006).  An evidentiary hearing

4   should be held "[u]nless the motion and the files and records of the case conclusively show

5   that the prisoner is entitled to no relief."  28 U.S.C. § 2255 (West 2006); *Frazer v. United*

6   *States*, 18 F.3d 778, 781 (9th Cir. 1994).  "To earn the right to a hearing, therefore, [Movant]

7   [is] required to allege specific facts which, if true, would entitle him to relief."  *Ortiz v.*

8   *Stewart*, 149 F.3d 923, 934 (9th Cir. 1998), *quoting United States v. McMullen*, 98 F.3d 1155,

9   1159 (9th Cir. 1996).

10      Mr. Kurt is eligible for relief from this Court pursuant to 28 U.S.C. § 2255 only if he

11  establishes that (1) he is in custody under a sentence of this federal court; (2) his request for

12  relief was timely; and (3) (a) the Court lacked either personal or subject matter jurisdiction;

13  (b) the conviction or sentence is unconstitutional; (c) the conviction or sentence violates

14  federal law; or (d) the sentence or judgment is otherwise open to collateral attack.  28 U.S.C.

15  § 2255.  The later two categories (c) and (d) are confined to errors that are "a fundamental

16  defect which inherently results in a complete miscarriage of justice"; or are "an omission

17  inconsistent with the rudimentary demands of fair procedure."  *Hill v. United States*, 368 U.S.

18  424, 428 (1962); *Reed v. Farley*, 512 U.S. 339, 350, 354 (1994); *Hamilton v. United States*,

19  67 F.3d 761, 763-64 (9th Cir. 1995).

20      The first requirement is satisfied as the record shows that Mr. Kurt  is in custody

21  under a sentence of this Court.  The second requirement is satisfied as Mr. Kurt's Motion

22  was timely filed.  To satisfy the third requirement for relief, Mr. Kurt  has raised

23  eight grounds which the Court will address in turn.  Two of the grounds, Grounds 1 and 3,

24  raise alleged errors that occurred on appeal.  These issues would have been

25  addressed by the Supreme Court had it accepted review of this case.  It is unclear whether

26  this Court has jurisdiction to review errors allegedly committed on appeal.  The Court

1  will address the issues assuming, without finding, that jurisdiction lies with this
2  Court.

3      Ground 1: The Ninth Circuit failed to perform a de novo review of the District Court's
4  denial of his proposed jury instruction.  Movant argues that the Ninth Circuit violated his due
5  process rights because it did not perform a *de novo* review of the issue of whether the trial
6  court had erred in refusing to give the advice of counsel jury instruction that Movant
7  requested.

8      The parties agree that the proper standard of review  is *de novo* on the question of
9  whether the trial court erred by refusing to give  the Ninth Circuit Model Jury Instruction 5.9,
10 dealing with good faith based upon advice of counsel.  The Movant points out that his
11 appellate brief clearly identified this standard of review and the Government asserts that its
12 opening brief did as well.  As noted by the Government, the Circuit's memorandum opinion
13 did not state that it was performing a *de novo* review.

14     Four factors suggest to this Court that the Ninth Circuit utilized the proper *de novo*
15 standard.  First, the proper standard of review on appeal was not a contested issue  that was
16 required to be addressed in the opinion.  Second, the Circuit Court did not identify use of any
17 other standard of review.  Third, the Circuit cited *United State v. Ibarra-Alcarez,* 830 F.2d
18 968, 973 (9th Cir. 1987), which enunciates the proper *de novo* standard of review on the page
19 noted by the Circuit.  Fourth, Movant's own argument supports the fact that *de novo* review
20 was performed, as the Circuit mentioned a factor in support of its determination that was not
21 mentioned by this Court.  This Court, citing *Ibarra-Alcarez,* determined that the instruction
22 was not appropriate based upon the trial evidence that Movant had not provided the attorney
23 with all the material facts.  Trial Transcript, filed 11/08/04, Ct. Rec. 59, pp. 267-70.   In
24 contrast, the Circuit, held that the district court did not err, but supported that conclusion with
25 that fact that "Kurt did not claim to have consulted counsel until after he had committed the
26 crime, so he could not have relied upon counsel's advice when he committed it."  Ninth

ORDER - 4

1  Circuit Memorandum Opinion, filed 11/14/05, Ct. Rec. 64, page 3.  For these reasons,
2  Movant's Ground 1 shall be dismissed.

3      Ground 2: Denial of due process by the District Court's failure to give his proposed jury
4  instruction.  Movant argues that the trial court erred when it made a legal decision to not give
5  the Ninth Circuit Model Jury Instruction 5.9, dealing with good faith based upon advice of
6  counsel.  Movant asserts that the facts that the Court identified as material, actually were not
7  material to the advice given by counsel.  Further, Movant argues that exceptional
8  circumstances exist in this case, and that the Ninth Circuit must correct its own error by
9  granting the Movant a new direct appeal.

10     A matter that has been decided adversely on appeal from a conviction cannot be re-
11 litigated again on a Section 2255 motion.  *United States v. Scrivner,* 189 F.3d 825, 828 (9th
12 Cir. 1999), citing *Odom v. United States,* 455 F.2d 159, 160 (9th Cir. 1972).  The only caveat
13 to this rule is if exceptional circumstances exist, such as an intervening change in the law.
14 *Davis v. United States,* 417 U.S. 333, 342 (1974).  Here, the propriety of the Court's decision
15 to not include Model Instruction 5.9 was addressed on appeal and the Court's decision was
16 affirmed.  Ninth Circuit Memorandum Opinion, filed 11/14/05, Ct. Rec. 64, page 3.  Movant
17 has identified no specific exceptional circumstances such as an intervening change in the law.
18  The Court concludes that Movant's due process rights were not violated and Movant's Ground
19 2 must be dismissed.

20     Ground 3:  Denial of due process on appeal when the Government included an
21 argument on appeal that had not been preserved.  Movant argues that the Government
22 violated his due process rights by raising a new argument on appeal which had not been
23 made before the trial court.  Movant asserts that the Government did not argue before
24 the trial court that because the Movant committed the crime of conversion of Govern-
25 ment property prior to seeking advice from an attorney, he was not entitled to the
26 Model Instruction 5.9.

ORDER - 5

At trial the Government objected to Model Instruction 5.9, but its argument was limited to the assertion that Movant had failed to disclose all material facts to the attorney and he was therefore not entitled to the good faith reliance of advice of attorney instruction. Trial Transcript, filed 11/08/04, Ct. Rec. 59, pp. 264-265. It is undisputed that Movant raised the Court's failure to include Model Jury Instruction 5.9 in his appellate brief. That instruction states a requirement that the person, "before acting" made a full disclosure of material facts to the attorney. Ninth Circuit Model Jury Instruction 5.9. While issues must be preserved for appeal or else the issue will be subject to only plain error review, *Jones v. United States*, 527 U.S. 373, 388 (1999), no authority is cited for the proposition that on appeal a party is limited to the specific arguments made before the trial court. The Government was entitled to argue that Movant had not disclosed material facts to the attorney before acting in response to the issue raised by the Movant's appellate brief. Accordingly, Ground 3 must be dismissed.

Ground 4:   Violation of the Fifth Amendment in that any of Mr. Kurt's actions that could be construed as statements were obtained through coercion and without *Miranda* warnings.   Movant argues that the Secret Service agents engaged in coercive interrogation at his place of business and that their failure to leave when he requested they do so turned the interview into custodial interrogation that required *Miranda* warnings. Further he asserts that since *Miranda* warnings were not given his statements and actions (leaving the area by automobile) should not have been admissible at trial because it violated his Fifth Amendment right against self-incrimination.

> [T]he prosecution may not use statements, whether exculpatory or inculpatory, stemming from custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination.

*Miranda v. Arizona*, 384 U.S. 436, 444 (1966). Thus, *Miranda* warnings are required for custodial interrogation. *Minnesota v. Murphy*, 465 U.S. 420, 430 (1984). As it is undisputed that no *Miranda* warnings were given, the Movant's statements were not

ORDER - 6

1   admissible at trial if the interview conducted by the Secret Service agents constituted a
2   custodial interrogation

3   Custodial interrogation means"questioning initiated by law enforcement officers after
4   a person has been taken into custody or otherwise deprived of his freedom of action in any
5   significant way." *Miranda,* 384 U.S. at 444.    If a suspect is free to leave or terminate the
6   interview, *Miranda* warnings are not required.  *Murphy*, 465 U.S. at 433; *Oregon v.*
7   *Mathiason*, 429 U.S. 492, 495 (1977).  The Court should examine all of the circumstances
8   surrounding the interrogation to determine whether a "formal arrest or restraint on freedom
9   of movement" of the degree associated with a formal arrest occurred.  *Stansbury    v.*
10  *California*, 511 U.S. 318, 322 (1994)(internal quotations omitted).  The relevant inquiry is
11  how a reasonable innocent man in the position would have understood the situation.  *Id.* at
12  324; *United States v. Wauneka*, 770 F.2d 1434, 1438 (9th Cir. 1985).  Factors that are likely
13  relevant  in deciding whether a reasonable person would believe that he or she was not free
14  to leave include:  "(1) the language used to summon the individual; (2) the extent to which the
15  defendant is confronted with evidence of guilt; (3) the physical surroundings of the
16  interrogation; (4) the duration of the detention; and (5) the degree of pressure applied to detain
17  the individual." *United States v. Hayden,* 260 F.3d 1062, 1066 (9th Cir. 1994).

18  It is clear that Movant was not told that he was under arrest  nor was he taken into
19  custody so the inquiry is whether he was deprived of freedom of action in any significant way.
20  The trial testimony supports a finding that he was not.  The Secret Service agents approached
21  Movant at the Goodwill collection trailer site in a grocery store parking lot.  It was a public
22  location where the rather brief interchange took place, not a non-public place where
23  unscrupulous coercion could occur.  *See United States v. Galindo-Gallegos*, 244 F.3d 728,
24  732 (9th Cir. 2001).    The trial testimony from Special Agent John Neirinckx was that he
25  asked Movant for the tracking device back, that he told Movant he was just there to get the
26  tracking device back, and that he told Movant he would get a warrant for the automobile and

ORDER - 7

that Movant would be charged with possession of stolen property if he didn't give the tracking device back. Trial Transcript, filed 11/08/04, Ct. Rec 59, pp. 211-15. Special Agent Matthew Manke's testimony was consistent as to the nature of the interchange between Special Agent Neirinckx and Movant. Trial Transcript, filed 11/08/04, Ct. Rec. 58, pp 66-68. Although, the Agents indicated they were not going to leave until they obtained the tracking unit back, it is equally clear that not only an innocent person, but Movant, would feel that he could leave and terminate the interview, witnessed by the fact that Movant did leave the area in an automobile. Movant admits as much when he states, "Mr. Kurt was, in fact, free to leave totally unencumbered... ." Motion filed 4/27/06, Ct. Rec. 66, p.5. The Agents used no pressure to keep him from leaving. On balance the *Hayden* factors support a finding that the interchange was not custodial. Furthermore, interrogation is the express questioning or its functional equivalent of a defendant by law enforcement. *Rhode Island v. Innis*, 446 U.S. 291, 300 (1980). Here, the agent was providing information rather than questioning Movant so it likely that the interchange did not constitute "interrogation". *Miranda* warnings were not required and the Movant's statement and actions were properly admitted at trial. Ground 4 is dismissed.

Ground 5:  Violation of the Fifth Amendment right against self incrimination by the District Court's jury instruction on flight.  Movant argues that he was coerced into fleeing the interview and the Court erred in giving the flight instruction and inserting the Court's own comments in the instruction.

The Court's jury instructions included an instruction on flight, as proposed by the Government. Government's Proposed Instruction # 16, Ct. Rec. 21; Court's Instruction # 17, Ct. Rec. 39. The language of the instruction was taken verbatim from *United States v. Dixon*, 201 F.3d 1223, 1232 n. 8 (9th Cir. 2000) which counters the Movant's argument that the Court inserted it's own comments into the instruction. It should be noted that the instruction included the fact that flight could be totally consistent with innocence. Although

ORDER - 8

discouraged, the Ninth Circuit has approved an instruction on flight if four inferences are justified:

> (1) from the defendant's behavior to flight; (2) from flight to consciousness of guilt; (3) from consciousness of quilt to consciousness of guilt concerning the crime charged; and (4) from consciousness of guilt concerning the crime charged to actual guilt of the crime charged.

*Dixon,* 201 F.3d at 1232.   Here, the evidence supports the four inferences.   Movant was approached by Secret Service agents who asked him for the tracking advice back. They informed him that the locator indicated that the device was in Movant's custody at the interview site and that if he didn't give it back a search warrant for his automobile would be obtained.  The Movant then left the parking lot in his automobile at a high rate of speed.    The Court concludes that the instruction was appropriate and this ground must be dismissed.

Ground 6 & 7:  The agent's use of the electronic device was a warrant-less search in violation of the Fourth Amendment and the evidence from the subsequent search of Mr Kurt's apartment, storage unit and van  should have been suppressed  as the fruit of the poisonous tree.  Movant argues that the Secret Service agents use of the electronic interrogator to "search" his car for the tracking device violated his Fourth Amendment rights because it was conducted without a warrant or probable cause.   Assuming this "search" was illegal the evidence obtained in subsequent searches of his apartment, storage unit and car should have been suppressed as fruit of the poisonous tree.

The mere placing of a tracking device on a vehicle does not implicate the Fourth Amendment, because neither a search nor a seizure has occurred.  *United States v. McIver*, 186 F.3d 1119, 1126-27 (9th Cir. 1999).  However, monitoring such a device implicates the Fourth Amendment if the monitoring is in a location not open to public surveillance. *United States v. Karo*, 468 U.S. 705, 713 n. 3 (1984).  A person has a valid expectation of privacy in a residence so monitoring a tracking device while it is in a residence requires a search warrant. See *Karo,* 468 U.S. at 713-15.   In contrast, no warrant is required to monitor a

ORDER - 9

tracking device on a vehicle, *Karo,* 468 U.S. at 719; *United States v. Knotts*, 460 U.S. 276, 282(1983); or a vessel. *United States v. Juda,* 46 F.3d 961, 968 (9th Cir. 1995).

Here, the monitoring of the tracking device occurred when the device was in a public parking lot in which Movant's vehicle was parked. Based on the above law, no search warrant was required in this location that was open to public surveillance. Since no Fourth Amendment violation occurred Ground 6 must be dismissed. That determination is also dispositive of Ground 7. As the electronic monitoring was constitutionally permissible, evidence from the subsequent search of Mr Kurt's apartment, storage unit and car need not have been suppressed as the fruit of the poisonous tree.

Ground 8: Mr. Kurt received ineffective assistance of counsel based upon grounds 4 through 7. Movant asserts that his appointed counsel from the Federal Defenders of Eastern Washington and Idaho, was ineffective because counsel lacked the knowledge to recognize Fourth and Fifth Amendment violations and therefore failed to file motions to suppress evidence and statements and failed to raise the issues on appeal. He also asserts that while counsel objected to the jury instruction on flight, the objection was not based on the proper Fifth Amendment ground.

The Sixth Amendment provides that an accused in a criminal prosecution has a right to the assistance of counsel. U.S. CONST. amend. VI. In considering a claim of ineffective assistance of counsel, the Court must consider whether counsel's representation fell below an objective standard of reasonableness and whether the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). *Strickland* provides:

> [t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result.

*Strickland*, 466 U.S. at 686. "[B]oth the performance and prejudice components of the ineffectiveness inquiry are mixed questions of law and fact." *Id.* at 698.

ORDER - 10

The first prong of the *Strickland* test requires that Movant show "that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. The Court's scrutiny of counsel's performance must be highly deferential and must attempt to evaluate the conduct from counsel's perspective at the time. *Id.* at 689.

> Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"

*Id. quoting Michel v. Louisiana*, 350 U.S. 91, 101 (1955); *see, also, United States v. Bosch*, 914 F.2d 1239, 1244 (9th Cir. 1990).

The second prong of the *Strickland* test provides "the defendant must show that the deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. A defendant alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* The standard requires a showing that there is a reasonable probability that, but for the counsel's errors, the results of the proceeding would have been different. *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome.

Here the Court has determined that all of errors alleged by the Movant must be dismissed. As there were no Fourth or Fifth Amendment violations, counsel was not obligated to file motions to suppress evidence or statements. See *United States v. Baumann*, 692 F.2d 565, 572 (9th Cir. 1982) (failure to raise a meritless issue does not mean counsel was ineffective). Further, the flight instruction was proper so counsel was not ineffective for failing to object on Fifth Amendment grounds. As Movant has made an insufficient showing on the first prong of the *Strickland* test, the Court need not address the second prong of the inquiry. *Strickland*, 466 U.S. at 697. Ground 8 must be dismissed as Movant did not receive ineffective assistance of counsel.

ORDER - 11

1

**III. CONCLUSION**

2    Movant raised eight grounds on his § 2255 Motion.  The Court has determined that

3    Movant is not entitled to relief on any of the grounds.  Thus, an evidentiary hearing is not

4    required and the Motion must be denied.

5

**IV. CERTIFICATE OF APPEALABILITY**

6    An appeal of this Order may not be taken unless this Court or a Circuit Justice issues

7    a certificate of appealability, finding that "the applicant has made a substantial showing of the

8    denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (West 2005).  This requires a

9    showing that "reasonable jurists would find the district Court's assessment of the

10   constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). If

11   a claim is dismissed on procedural grounds the Court must determine whether

12
13
> jurists of reason would find it debatable whether the petition states a valid claim
> of the denial of a constitutional right and that jurists of reason would find it
> debatable whether the district court was correct in its procedural ruling.

14   *Slack*, 120 S. Ct. at 1604.  A certificate of appealability should not be granted unless both

15   components, one directed at the underlying constitutional claims, and the second directed at

16   the court's procedural holding, are satisfied.  *Id.*  The Court may address either the consti-

17   tutional or procedural issue first.  *Id.*  Based on the Court's preceding analysis, the Court

18   concludes: 1) that the Movant has failed to make a substantial showing of a denial of a

19   constitutional right and 2) that jurists of reason would not find it debatable whether the Court

20   was correct in any substantive or procedural ruling. Thus a certificate of appealability should

21   not issue.  Accordingly,

22   **IT IS ORDERED** that Mr. Kurt's  Motion Under 28 U.S.C. § 2255, filed  April 27,

23   2006, **Ct. Rec.  66**, is **DENIED**.

24   The District Court Executive is directed to:

25   •    File this Order and provide copies to pro se Movant and to the United States

26        Attorney in Spokane, Washington;

- Inform the Ninth Circuit Court of Appeals that if the Movant files a Notice of Appeal that a certificate of appealability is **DENIED**; and
- **CLOSE** the corresponding civil file, <u>**CV-06-0126 -WFN**</u>.

**DATED** this 24th day of October, 2006.


<u>                    s/ Wm. Fremming Nielsen                    </u>
WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

10-17

ORDER - 13